UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHARON ACLY-BLAKESLEE,

               Plaintiff,       6:18-cv-06461-MAT
                               **DECISION AND ORDER**

               -v-

Commissioner of Social Security,

               Defendant.

_____


## INTRODUCTION

    Sharon Acly-Blakeslee ("Plaintiff"), represented by counsel, brings this action under Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Docket No. 1. The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Docket Nos. 9, 14, 15. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is granted, and Defendant's motion (Docket No. 14) is denied. The case is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

## PROCEDURAL BACKGROUND

On December 4, 2014, Plaintiff protectively filed applications for DIB and SSI, alleging disability as of June 1, 2014, due to a surgical plate in her neck, disc pain, foot pain and multiple surgeries, left ear surgery, and depression. Administrative Transcript ("T.") 102, 156-57, 168-69, 180-81. The claims were initially denied on April 9, 2015. T. 102, 182-87. At Plaintiff's request, a hearing was conducted on April 18, 2017, by administrative law judge ("ALJ") Gretchen Mary Greisler. T. 102, 121-55. The ALJ issued an unfavorable decision on July 19, 2017. T. 99-113. Plaintiff appealed the decision to the Appeals Council, which denied her request for review on April 19, 2018, making the ALJ's decision the final determination of the Commissioner. T. 1-4. This action followed.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The ALJ initially found that Plaintiff met the insured status requirements of the Act through June 30, 2019. T. 104. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2014, the alleged onset date. *Id*.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: plantar fascial fibromatosis; mild plantar fasciitis; morbid obesity; depression; anxiety disorder; cervical myofascial pain syndrome; and carpal tunnel syndrome disorder. *Id.* The ALJ also determined that Plaintiff's medically determinable impairments of diabetes mellitus, post concussive syndrome, and left ear pain did not cause significant work-related functional limitations and thus were non-severe. T. 104-05.

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 105. The ALJ specifically considered Listings 1.02, 1.04, 11.14, 12.04, and 12.06. T. 105-06.

Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that she: "can stand for up to 1 hour in a day and walk for up to 2 hours in a day; the claimant can walk or stand for up to 30 minutes before needing to change position for at least 10 minutes, but retains the ability to remain on task; the claimant can occasionally climb stairs and ramps, but can never climb ladders, ropes or scaffolds; the claimant can frequently reach in all directions and can frequently handle, finger and feel; the claimant can frequently rotate his or her head at the neck; the claimant cannot work at unprotected heights, climb ladders, ropes

or scaffolds or work in close proximity to dangerous machinery or moving mechanical parts of equipment; the claimant can perform simple, routine and repetitive tasks in a work environment free of fast paced production requirements, involving only simple, work-related decisions and few, if any, workplace changes."  T. 107.

At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work.  T. 111.

At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of order clerk food and beverage, charge account clerk, and call out operator. T. 112-13.  The ALJ accordingly found that Plaintiff was not disabled as defined in the Act.  T. 113.

## **SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error.  42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record.  *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive").  "Substantial evidence means 'such relevant evidence

-4-

as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff contends that remand is warranted because (1) the Appeals Council erred in determining that the additional evidence submitted by Plaintiff did not show a reasonable probability that it would change the outcome of the decision, and (2) the RFC determination is not supported by substantial evidence, as the ALJ failed to give proper weight to the opinions of Plaintiff's treating podiatrist, Dr. Hatef. *See* Docket No. 11 at 18-28. For the reasons explained below, the Court finds that the ALJ improperly evaluated the opinion evidence in the record. This error requires remand to the Commissioner for further administrative proceedings.

## I.   The ALJ Failed to Evaluate Opinion Evidence, and Remand is Required.

In assessing a disability claim, an ALJ must consider and weigh the various medical opinions of record.  The Commissioner's regulations provide that "[r]egardless of its source, [the ALJ] will evaluate every medical opinion [she] receive[s]."  20 C.F.R. § 404.1527(c).  The failure to do so is an error warranting remand. *See, e.g., Wider v. Colvin,* 245 F. Supp. 3d 381, 388 (E.D.N.Y. 2017) ("ALJs are required to weigh and evaluate 'every medical opinion.'") (citation omitted); *Harvey v. Astrue*, No. 09-CV-00020 TJM, 2010 WL 4806985, at *4 (N.D.N.Y. Sept. 7, 2010) ("[T]he ALJ failed to evaluate, or even mention, Dr. Greenky's August 2007 opinion. . . .  Indeed, the ALJ's discussion of Dr. Greenky's lengthy treatment history with Plaintiff consisted entirely of mentioning a few treatment notes in 2001.  The ALJ's complete failure to evaluate Dr. Greenky's opinions amounts to error worthy of remand.") (internal citation omitted), *adopted*, 2010 WL 4791588 (N.D.N.Y. Nov. 18, 2010).

Dr. Hatef is Plaintiff's treating podiatrist.  *See* T. 110. The treating physician rule requires an ALJ to give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record[.]"  20 C.F.R. § 404.1527(c)(2); *see also Green-Younger*, 335 F.3d at 106.  An ALJ

may give less than controlling weight to a treating physician's opinion if it does not meet this standard, but the ALJ must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004). The ALJ is required to consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues" in determining how much weight to afford a treating physician's opinion. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6). "The regulations also specify that the Commissioner 'will always give good reasons in [her] notice of determination or decision for the weight [she] give[s] [claimant's] treating source's opinion.'" *Halloran*, 362 F.3d at 32 (quoting 20 C.F.R. § 404.1527(d)(2)) (alterations in original).

Dr. Hatef offered several opinions relating to Plaintiff's functional capacity, including: a "Medical assessment of individual's capacity," on March 21, 2016 (T. 937); a "Medical Statement Regarding Ankle Problem" and a "Medical Statement Regarding Foot Problems," on July 14, 2016 (T. 1003-04); a letter statement, opining on Plaintiff's ability to walk and stand, on

July 21, 2016 (T. 1072); and an opinion on Plaintiff's physical functional limitations, on March 28, 2018[1] (T. 68); *see also* Docket No. 11 at 15-17. The ALJ discussed the opinion evidence offered by Dr. Hatef, affording it "little weight." T. 110. The ALJ explained:

> Treating podiatrist Joseph Hatef, DPM, concluded in October 2014 that the claimant could return to work with limited hours and duties. July 2016 that the claimant could stand for 30 minutes at one time. He further noted "patient is unable to function in retail on any level as far as being on her feet for extended period of time". In a separate note, Dr. Hatef reported "[s]he is unable to ambulate for more than one hour or stand on her feet for more than one hour without considerable pain, I see no reason to believe the situation will improve. In my medical opinion it is unlikely she will be able to return to her current job or do any job requiring weight bearing for any extended period due to her foot pathology. I give little weight to these opinions because they are vague and inconsistent with the medical evidence of record. In addition, these opinions contradict Dr. Dollinger's opinions.

*Id.* (internal citations omitted).

Plaintiff contends that the ALJ did not consider certain opinion evidence offered by Dr. Hatef, including the above-mentioned March 21, 2016 medical assessment form. *See* Docket No. 11 at 15. On that date, Dr. Hatef opined that Plaintiff would "frequently" experience pain severe enough to interfere with her

---

[1]
The March 2018 opinion offered by Dr. Hatef post-dates the ALJ's July 14, 2017 written determination. Therefore, it is not discussed in the written determination. Plaintiff submitted this evidence to the Appeals Council, which declined to consider it, because it "[did] not relate to the period at issue," and therefore "[did] not affect the decision about whether [Plaintiff] [was] disabled beginning on or before July 19, 2017." *See* T. 2.

attention and concentration, and "frequently" experience pain severe enough to interfere with her quality of sleep. T. 937. Dr. Hatef further opined that Plaintiff's physical impairments were likely to produce good days and bad days, and that as a result, she would be absent, on average, more than four days per month. *Id*. Any discussion of this opinion is absent from the written determination.

The ALJ also failed to address a March 21, 2017 medical source statement completed by Dr. Kim Rickert, Plaintiff's treating neurosurgeon, in which Dr. Rickert opined that Plaintiff was "very limited" in her ability to lift, carry, push, pull, and bend, and was "moderately limited" in her ability to walk and use her hands. *See* T. 1383. Dr. Rickert further opined that Plaintiff was unable to work, and could not move her neck or arms to perform more than her activities of daily living. *Id*. While the ALJ addressed opinion evidence offered by Dr. Rickert in April and July 2016 (*see* T. 110), she did not address the more recent and more restrictive March 2017 medical source statement. The ALJ's failure to adequately address the opinion evidence offered by Drs. Hatif and Rickert is particularly problematic because they would appear to preclude work and are inconsistent with the assessed RFC.

Defendant argues that the ALJ properly weighed Dr. Hatef's opinions. Docket No. 14-1 at 16. With regard to the ALJ's failure to consider Dr. Hatef's March 2016 opinion, Defendant contends that it "suffers from the same vagueness and lack of support that caused

the ALJ to discount Dr. Hatef's other opinions.  It is also significant that Dr. Hatef had not examined Plaintiff for 15 months at the time he completed this assessment.  Plaintiff's reliance on this assessment is misplaced."  *Id*. at 20 (internal citation omitted).  Defendant's argument amounts to a post-hoc rationalization of agency action, and the Court will not consider it in evaluating the ALJ's decision. *See Newbury v. Astrue*, 321 F. App'x 16, 18 (2d Cir. 2009) ("A reviewing court may not accept appellate counsel's post hoc rationalizations for agency action.") (internal quotations and citation omitted).

In sum, both Dr. Hatef and Dr. Rickert are treating physicians, and the ALJ was required to evaluate their opinions pursuant to the treating physician rule.  The ALJ's failure to properly evaluate certain opinions offered by these treating medical sources falls far short of what is required by the regulations. Accordingly, remand is required.  On remand, the ALJ is directed to consider, discuss, and properly weigh all of the opinion evidence in the record, including the above-mentioned treating opinions offered by Drs. Hatef and Rickert.  The ALJ should explain her reasoning for adopting or rejecting these opinions, so that the Court may conduct a meaningful review of the decision.

## II. **Plaintiff's Remaining Argument**

Finding remand necessary for the reasons explained above, the Court will not address Plaintiff's remaining argument concerning the Appeals Council's failure to consider additional evidence.

### **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is granted to the extent that the Commissioner's decision is reversed, and the matter is remanded for further proceedings consistent with this Decision and Order. In particular, the ALJ is directed to (1) evaluate all of the opinions offered by treating physicians Dr. Hatef and Dr. Rickert in accordance with the relevant statutory factors and the guidelines set forth in the treating physician rule; (2) provide "good reasons" for her decision to reject or credit these opinions; and (3) re-assess Plaintiff's RFC in light of the opinion evidence offered by Dr. Hatef and Dr. Rickert. Defendant's motion for judgment on the pleadings (Docket No. 14) is denied. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:     December 23, 2019
           Rochester, New York